IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICAL : <br> ex rel. MICHAEL SURDOVEL : <br>  : <br> Plaintiff, : CIVIL ACTION <br>  : <br> v. : No. 07-0458 <br>  : <br> DIGIRAD IMAGING SOLUTIONS, : <br>  : <br> Defendants. : | |

MEMORANDUM

**STENGEL, J.**                                                November 25, 2013

      Michael Surdovel brings this purported *qui tam* action on behalf of the United States based on allegedly fraudulent applications for payment submitted by Digirad Imaging Solutions to Medicare in violation of the False Claims Act.  The government has moved to dismiss the action pursuant to 31 U.S.C. §3730(c)(2)(A) because relator has failed to serve the United States with the complaint and disclosure of all material facts pursuant §3730 (b).  For the reasons that follow, I will grant the government's motion to dismiss.

**I.      Background**

      Mr. Surdovel, relator, filed this *qui tam* action against Digirad Imaging Solutions, his former employer, pursuant to the False Claims Act 31 USC §3730(b).  Defendant specializes in portable medical imaging.  Compl. ¶ 3.  Relator began working for defendant as a medical imaging technician in 2001.  Id. at ¶ 7.  During the course of his

1

employment, relator alleges that he witnessed defendant make false applications for payment to Medicare in violation of the False Claims Act. Id. at ¶ 9. Relator complained to his superiors about these billing practices, which relator alleges led to his wrongful termination in September 2005. Id. at ¶ 12.

Relator's counsel filed the complaint under seal on February 2, 2007. While the complaint makes reference to the false claims submitted by the defendant to the United States, it does not make a single claim for damages on behalf of the United States. Rather, its sole count is for retaliatory discharge pursuant to §3730(h). During oral argument, counsel confirmed that this is a claim for wrongful termination only.

Despite an allegation in the complaint to the contrary, relator's counsel admits that he never served the complaint and disclosure of material facts on the United States Attorney for the Eastern District of Pennsylvania as required by §3730(b). Although he claims he served the materials on Attorney General John Ashcroft, he did not send the materials by certified mail return receipt requested, and has no proof that service was actually made. As a result, the United States had no notice of the action.

Two years later in August 2009, relator's counsel called the United States Attorney's office to determine the status of the complaint. At this time, AUSA Hutchinson advised counsel that he had not served the required documents on the United States. She instructed counsel to perfect service or dismiss the action and pursue a claim in state court for wrongful termination. The Assistant U.S. Attorney confirmed the telephone conversation by letter dated August 6, 2009. Mot. to dismiss, doc. no. 3 ex. A. Nonetheless, counsel did not serve the documents.

In 2010, counsel sent a letter to the United States Attorney's office again inquiring about the status of the action. AUSA Hutchinson intercepted the letter, called counsel and informed him that she had not received a copy of the complaint and disclosure which she requested the prior year. Despite this phone call, counsel did not serve the complaint and disclosure.

An additional two years elapsed before counsel thought to take any action on this case. On March 19, 2012, relator filed a motion to lift seal.[1] This was the first activity on the court's docket in the five year history of the complaint. Counsel never served a copy of the motion on the government. AUSA Hutchinson was unaware of the motion until I contacted her to request a response. At that time, AUSA Hutchinson informed me that counsel had not served the complaint and disclosure. Indeed, counsel still had not perfected service as of the date of oral argument.

In lieu of responding to the motion to lift seal, the government moved to dismiss pursuant to §3730(c)(2)(A). Relator's counsel responded on August 28, 2012, but failed to timely serve the government. I scheduled oral argument as required by the False Claims Act. In my order, I instructed counsel to be prepared to discuss the applicable standard of care to which I now turn.

---

[1] As I am dismissing this case, the policies supporting the *qui tam* seal provisions are no longer applicable. Having heard no opposition from the government, I will grant the motion to lift seal.

3

**II.     Standard of Review**

The government filed its motion to dismiss pursuant to §3730(c)(2)(A). This section defines the rights of the parties to a *qui tam* action: the government, the relator and the defendant. Pursuant to this section, the United States may dismiss the action if the relator is given notice and an opportunity to be heard. Thus, the statute directs the district court to schedule a hearing when the government moves to dismiss. Three Courts of Appeals have addressed what implications the hearing has on the standard of review for a §3730(c)(2)(A) motion. Although the Third Circuit has not weighed in, both parties agree that the two tests adopted by the other circuits are extremely deferential to the government.

The District of Columbia Circuit has held that the government has the unfettered right to dismiss a *qui tam* action. Swift v. U.S., 318 F.3d 250, 253 (D.C. Cir. 2003). According to Swift, a *qui tam* action is truly the government's action, and the government has absolute discretion to decide what suits go forward in the name of the United States. Id. at 252. In the view of the D.C. Circuit, the hearing merely gives the relator an opportunity to convince the government not to dismiss the case. Id. at 253. It does not permit the judge to consider the merits of the government's motion. Id.

In contrast, the Ninth and Tenth Circuits have found that the hearing permits limited review of the government's motion. Ridenour v. Kaiser-Hill Co., L.L.C., 397 F.3d 925, 940 (10th Cir. 2005); U.S. ex rel Sequoia Orange Co. v. Baird Neece Packing Corp., 151 F.3d 1139, 1147 (9th Cir 1998). Known as the Sequoia test, the government must first identify a valid government purpose. 151 F.3d at 1145. Next, the government

4

must show that dismissal is rationally related to the accomplishment of that purpose.  Id. As explained by the Ninth Circuit, this standard is nonetheless extremely deferential to the government.  Id. at 1146.  The government need only show that its decision to dismiss the case is neither arbitrary nor irrational.  Id. (citing  United States v. Redondo–Lemos, 955 F.2d 1296, 1298–99 (9th Cir.1992)).

I find that the government has satisfied both standards, so I will not predict which standard the Third Circuit would adopt.  At the conclusion of oral argument, relator's counsel did not persuade the government to withdraw its motion to dismiss; therefore, dismissal is appropriate under Swift.  The government also met its burden under Sequoia by convincing me that dismissal was rationally related to the government's interest in investigating *qui tam* claims.  Since Sequoia entails further analysis, I will discuss its application to this case.

**III.   Discussion**

Under the False Claims Act, persons who submit fraudulent applications for payment to the United States are liable to the government in a civil action for treble damages.  31 U.S.C. § 3729(a)(1).  The *Qui Tam* provisions of the act empowers private individuals to file lawsuits on behalf of the United States seeking damages sustained by the government for the payment of false claims.  § 3730(b).  To protect *qui tam* plaintiffs, the statute authorizes retaliatory termination claims for "employees who assist the government in the investigation and prosecution of violations of the False Claims Act." §3730(h); Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d 176, 185-6 (3d Cir. 2001) (citing Neal v. Honeywell, Inc., 33 F.3d 860, 861 (7th Cir. 1994)).

5

Relators must file their complaints under seal and serve the government with a copy of the complaint and disclosure of all material evidence. § 3730(b)(2). Relator must serve the complaint and disclosure pursuant to Fed. R. Civ. P. 4(i). Id. The complaint remains under seal for 60 days, and for good cause, the government may move to extend the time the complaint remains under seal. §3730(b)(2)-(3). The court cannot lift the seal until the government investigates the claims and either decides to take over the action or notifies the court that it declines to intervene in the action. §3730 (b)(4). In the alternative, the government may move to dismiss the complaint §3730(c)(2)(A).

The United States points to its need to investigate *qui tam* claims to satisfy the government purpose prong of the Sequoia test. In 1986, Congress amended the False Claims Act with the intent of encouraging more *qui tam* actions. U.S. ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 999 (2d Cir. 1995) (discussing the legislative history). However, the Department of Justice raised concerns that many of the *qui tam* actions would overlap ongoing federal investigations and potentially tip-off defendants of criminal charges. Id. In response, Congress added the sealing and service prerequisites. Id. The purpose of the procedures is to afford the government with an opportunity to investigate a claim in order to determine if the government was already pursuing the claim or wished to take over the *qui tam* action. Id. Thus, serving the complaint and disclosure on the government is essential to the proper functioning of the False Claims Act.

Here, relator's counsel's egregious procedural errors completely frustrated the government's ability to investigate the relator's claims. Over the past six years, AUSA

Hutchinson has repeatedly advised counsel that she did not have a copy of his complaint and disclosure. Nonetheless, counsel has been unable to complete this very basic task making investigation impossible. Having been given ample opportunity to conform with the mandates of the statute, there is no reason to believe that counsel will ever complete service. As this case cannot move forward until relator delivers the complaint and disclosure to the government, the only rational way to protect the government's interest is to grant the motion to dismiss.

Dismissing this action for failing to comply with the procedural requirements is in accord with the vast majority of courts to address the issue. U.S. ex rel. Summers v. LHC Grp., Inc., 623 F.3d 287, 296 (6th Cir. 2010) ("[V]iolations of the procedural requirements imposed on qui tam plaintiffs under the False Claims Act preclude such plaintiffs from asserting qui tam status."); U.S. ex rel. Pilon, 60 F.3d at 1000 (dismissing complaint with prejudice because "failure to comply with the filing and service provisions [of § 3730(b)(2) ] irreversibly frustrates the congressional goals"); U.S. ex rel. Mailly v. Healthsouth Holdings, Inc., 2010 WL 149830 (D.N.J. Jan. 15, 2010) (dismissing qui tam action for failing to file complaint in camera); Burns v. Lavender Hill Herb Farm, Inc., 2002 WL 31513418 (E.D. Pa. Oct. 30, 2002) (dismissing complaint for failing to file in camera); Friedman v. F.D.I.C., 1995 WL 608462 (E.D. La. Oct. 16, 1995) (finding the in camera filing requirement is jurisdictional); Erickson ex rel. U.S. v. Am. Inst. of Biological Sciences, 716 F. Supp. 908, 911 (E.D. Va. 1989) (citing United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157 (1913)) ("A party pursuing a statutory remedy must comply with all the procedures the statute mandates.")

*contra* U.S. ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 247 (9th Cir. 1995) (holding that before dismissing *qui tam* complaint for violation of the seal requirements, a district court should consider 1.) the actual harm to the government, 2.) nature of the violation, 3.) and bad faith or willfulness of relator); United States v. Fiske, 968 F. Supp. 1347, 1352 (E.D. Ark. 1997) (holding that failure to file under seal is not jurisdictional).

Counsel correctly notes that his case is distinguishable. In the above cited authority, the relators did not file their suit in camera. Here, relator filed his suit under seal, but neglected to serve the United States with the complaint and disclosure. This distinction is unavailing. The authority supports the proposition that ignoring the procedural dictates of the statute frustrates the valid government purpose of investigating *qui tam* claims and is grounds for dismissal. In this case, failure to provide notice robbed the government of its opportunity to investigate the claim. Thus, these cases are instructive.

Further justifying dismissal is that counsel's failure to serve the government has caused the intractable delays in this case. As noted previously, the seal cannot be lifted until the government investigates the claim and decides how to proceed. Since counsel never served the government, the government could not make this determination which would allow the complaint to move forward. Since AUSA Hutchinson advised counsel on multiple occasions to perfect service or dismiss the action, she understandably assumed that counsel had dismissed the action when the complaint and disclosure were not forthcoming. Indeed, AUSA Hutchinson was surprised to learn that the litigation was

8

still pending when counsel filed the motion to lift seal. This action stalled because counsel kept the United States in the dark.[2]

Counsel blames his shortcomings on the fact that he was not able to access the case on the court's electronic docket, but I am not at all persuaded that his inability to view the case on ECF should absolve his inaction. First of all, any attorney who files a complaint under seal should know that the case will not be available on the court's electronic docket and should be prepared to handle accordingly. However, if he was truly confused as to why the government was not acting, counsel could have filed a motion to lift seal after the expiration of the original 60 day period. I cannot comprehend why he waited five years to file such a motion. Nonetheless, his excuse does not explain why counsel overlooked the statutory procedures especially when AUSA Hutchinson verbally advised him twice to perfect service. Counsel should not need to check ECF when the Assistant United States Attorney explains why the government has not responded.

In the alternative, counsel argues that there is no precedent for the government to dismiss a case seeking damages for retaliatory termination. While this may be true, counsel chose to file this case as a *qui tam* action and was required to abide by the dictates of the statute. U.S. ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157,

---

[2] Counsel's extreme failures to prosecute this case also supports dismissal. I may dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 630-1 (1962) ("…the authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Since dismissal with prejudice is an extreme sanction, I must first weigh the following factors.: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 194 (3d Cir. 2010)(citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984)). Since the Sequoia test supports dismissal, I will not weigh the Poulis factors.

162 (1914) ("The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself."). I am not convinced that counsel's mistake in filing a retaliation claim as a *qui tam* action excuses his ignorance of the service provision.

The United States responds that filing a retaliation claim under seal turns the False Claims Act on it head. I agree. The policy supporting in camera filing is wholly absent when the plaintiff is not seeking any damages on behalf of the United States. Permitting relator to spring this claim against defendant after counsel allowed the suit to linger under seal for five years would abuse the sealing provisions. The defendant terminated Mr. Surdovel eight years ago and is completely unaware of the pendency of this action. Thus, the only purpose the seal will have achieved is to prejudice the defendant. This is not why congress mandated in camera filing, and counsel may not seek shelter in the seal provision to take refuge from his own inaction.

Counsel's alternative defense exposes yet another error. He likely should have filed this action as stand-alone retaliation claim.[3] A plaintiff does not need to file a *qui tam* action in order to bring a §3730(h) retaliation claim against his former employer. Hutchins, 253 F.3d at 188. A complaint solely alleging wrongful discharge does not need to be filed under seal. Pilon, 60 F.3d at 1000; Odoms v. YWCA of Bucks Cnty, No. 12-cv-7146, 2013 WL 321335, *2 (E.D. Pa. June 25, 2013). Therefore, counsel could have

---

[3] To make out a claim for retaliation, a plaintiff must show that he "(1) engaged in 'protected conduct,' (i.e., acts done in furtherance of an action under §3730) and (2) that he was discriminated against because of his 'protected conduct.'" Hutchins, 253 F.3d at 186 (citing United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C. Cir. 1998)).

10

avoided the procedural hurdles which he found so befuddling by filing a retaliation lawsuit in the proper forum.

## IV    CONCLUSION

The United States has established that there is a valid government purpose to investigate *qui tam* claims. Counsel's failure to comply with the procedural requirements has completely frustrated this purpose. After remaining dormant under seal for six years, the only rational remedy to protect the government's interest is to dismiss the case with prejudice. While counsel has offered a litany of defenses and excuses, his inattention to this case and disregard for the rules precipitated this drastic result.

An appropriate order follows.